WARDLAW, Circuit Judge,
concurring:
I concur in Judge Berzon’s principal opinion, except as to Part II.C. In my view, the indemnification provision is content neutral. “In determining whether a regulation is content based or content neutral, we look to the purpose behind the regulation.” Bartnicki v. Vopper, 532 U.S. 514, 526, 121 S.Ct. 1753, 149 L.Ed.2d 787 (2001); see also Honolulu Weekly, Inc. v. Harris, 298 F.3d 1037, 1043-44 (9th Cir.2002). The purpose of Santa Monica’s indemnification provision is to protect the public fisc, not to burden particular speech. A regulation requiring permittees to defend against suits that result from their own acts or omissions, regardless of the ultimate success of the suit, does not discriminate based on the content of the message; nor is it unreasonable. See Cal. Civ.Code § 2778 (defining default rule in interpretation of indemnification agreements that the indemnitor pays the cost of defending claims).
Judge Berzon’s reading of Forsyth County v. Nationalist Movement, 505 U.S. 123, 112 S.Ct. 2395, 120 L.Ed.2d 101 (1992) is overly broad. In that case, the ordinance allowed the county administrator to adjust the size of the permitting fee, based on his perception of the amount of police protection permittees might require. Id. at 133-34, 112 S.Ct. 2395. That standard-less, unfettered discretion raised the specter that “[t]he fee assessed will depend on the administrator’s measure of the amount of hostility likely to be created by the speech based on its content.” Id. at 134, 112 S.Ct. 2395; see also Am. Civil Liberties Union v. City of Las Vegas, 333 F.3d 1092, 1107-08 (9th Cir.2003). By contrast, the Santa Monica ordinance does not expose any speaker to risks or costs that are not equally faced by every other speaker.[1] The permittee’s burden of defending and indemnifying the city, against lawsuits meritorious or not, is the same whether the permittee advocates against the war in Iraq or against the Da Vinci Code. Such is the essence of content neutrality. The Santa Monica indemnification provision might reach further than necessary to protect the city’s interests, but that is a question of narrow tailoring. It does not make the provision itself content-based.
Food Not Bombs failed to raise what might have been the better argument: that Santa Monica’s content neutral indemnification provision is not narrowly tailored to legitimate government interests. See Ward v. Rock Against Racism, 491 U.S. 781, 798-99, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989); see also Nationalist Movement v. City of York, 425 F.Supp.2d 574, at 585, 2006 WL 759645, at *10 (M.D.Pa. Mar.24, 2006) (upholding an indemnification requirement against narrow tailoring challenge); Van Arnam v. GSA, 332 F.Supp.2d 376, 403-04 (D.Mass.2004) (striking down an indemnification requirement as not narrowly tailored). Because the issue was not argued before the district court or on appeal, however, it has been waived.
Therefore, I join Judge Kleinfeld in holding that Santa Monica’s indemnifica *1059 tion provision does not violate the First Amendment.

. If the provision made permittees responsible for acts or omissions caused by parties other than the permittee or his agents, or if it placed unfettered discretion in the hands of government administrators, I might reach a different conclusion. See Forsyth County, 505 U.S. at 134-35, 112 S.Ct. 2395; Burk v. Augusta-Richmond County, 365 F.3d 1247, 1255 (11th Cir.2004); Van Arnam v. GSA, 332 F.Supp.2d 376, 401 (D.Mass.2004).